IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN N. LOCKETT, III,      )
        Petitioner,     )     Civil Action No. 18-14 Erie
                 )
      v.           )
                 )     Magistrate Judge Richard A. Lanzillo
FCI MCKEAN, WARDEN,    )
        Respondents.   )

## MEMORANDUM OPINION AND ORDER

Presently before the Court is a petition for a writ of habeas corpus filed by federal

prisoner John N. Lockett, III ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 3. He is

challenging a disciplinary action taken against him in which he lost good conduct sentencing

credit. As relief, he seeks an order from this Court directing that his incident report be expunged

so that he may be restored the good conduct time he lost as a sanction. For the reasons set forth

below, the petition is denied.

I.    **Relevant Background**

Petitioner is incarcerated at the Federal Correctional Institution McKean ("FCI

McKean"), which is located within the territorial boundaries of this Court. On June 21, 2017, at

approximately 10:00 a.m., a corrections officer searched his cell and found a bag of marijuana

inside a wall locker. ECF No. 7-5 at 5. The officer filed an incident report and Petitioner was

charged with violating the Bureau of Prison's (the "BOP's") regulation that prohibits

"[p]ossession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia,

not prescribed for the individual by the medical staff." 28 C.F.R. § 541.3, Prohibited Act 113.

The matter was referred to a Disciplinary Hearing Officer ("DHO"), who held a hearing on July 19, 2017. At the hearing, Petitioner stated, as he had during the initial investigation of the incident report, that the drugs found in his cell's wall locker were not his and that another inmate must have placed them there. ECF No. 7-5 at 3. Petitioner requested that Chaplain Richard Glogau serve as his staff representative at his DHO hearing, but the chaplain reported to the DHO that he reviewed the security "camera footage for the day in question and did not find any evidence of any other inmates entering [Petitioner's] assigned cell that day." ECF No. 7-5 at 2.

At the conclusion of the hearing, the DHO "found no evidence to support [Petitioner's claim that he was] set up." ECF No. 7-5 at 3. Explaining that Petitioner is "responsible to keep all areas under [his] control free from contraband[,]" and that his "assigned cell is an area under [his] control," the DHO found that Petitioner committed the prohibited act as charged. *Id.* As part of his sanctions, Petitioner was disallowed 27 days of good conduct time. *Id.*

Petitioner unsuccessfully appealed the DHO's decision through the BOP's administrative review process. ECF No. 3-1 at 3-5; ECF No. 3-2 at 5-8. In denying Petitioner's appeal, the BOP's Administrator of National Inmate Appeals explained:

> You deny the charge...and note several staff and inmates were moving all over the unit during the mass shakedown. You state the drugs were not found in your assigned locker, and you should not be held responsible for a vacant wall locker....
>
> ....We find the DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report and the determination of the DHO is reasonable and supported by the evidence presented. *This includes the fact that the drugs were found inside a wall locker in your assigned cell. You were the only inmate assigned to the cell when the contraband was found. As informed, you are responsible for keeping your assigned areas free of contraband.* In addition, your due process rights were upheld during the discipline process and the sanctions imposed, to include a loss of [good conduct time], were commensurate to the severity level of the offense committed and in compliance with policy.

ECF No. 3-2 at 5 (emphasis added).

2

In the petition that he filed with this Court, ECF No. 3, and in the accompanying brief, ECF No. 4, Petitioner claims that the disciplinary sanctions were imposed in violation of his due process rights because the DHO's findings were not supported by sufficient evidence. Respondent (Petitioner's custodian, the Warden of FCI McKean) filed an answer, ECF No. 7, to which Petitioner filed a reply, ECF No. 8.

## II.  Discussion

The Court has jurisdiction under 28 U.S.C. § 2241 to considers Petitioner's claim, since he is challenging the BOP's execution of his sentence and the sanction of loss of good conduct time. *Denny v. Schultz*, 708 F.3d 140, 143 (3d Cir. 2013); *Queen v. Miner*, 530 F.3d 253, 254 (3d Cir. 2008). "Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct." *Id.* (citing 18 U.S.C. § 3624 (b); 28 C.F.R. § 523.20). "When such a statutorily created right exists, 'a prisoner has a constitutionally protected liberty interest in good time credit.'" *Id.* at 143-44 (quoting *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991), which cited *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974)). Therefore, Petitioner was entitled "'to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.'" *Id.* at 144 (quoting *Wolff*, 418 U.S. at 557).

In *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), the Supreme Court held "that the requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits." (Emphasis added). It further explained:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. [103], at 106, 47 S.Ct. [302], at 304 [(1927)]. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether

3

there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See ibid.*; *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); *Willis v. Ciccone*, 506 F.2d 1011, 1018 (CA8 1974). We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. *See Wolff*, 418 U.S., at 562-563, 567-569, 94 S.Ct., at 2977-2978, 2980-2981. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, *id.*, at 556, 94 S.Ct., at 2974, and neither the amount of evidence necessary to support such a conviction, *see Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), nor any other standard greater than some evidence applies in this context.

*Id.* at 455-56.

The DHO's decision at issue in this case was based upon the requisite amount of evidence necessary to survive review by a federal habeas court. The corrections officer found the bag of marijuana in Petitioner's cell. Petitioner's chosen staff representative, Chaplain Glogau, reviewed the video footage concerning the date of the incident and he did not provide any information to the DHO to support Petitioner's defense to the charge. And as the DHO and the BOP's Administrator of National Inmate Appeals explained to Petitioner, it is his responsibility to keep his cell free from contraband. Therefore, because the marijuana was found in his cell, there was "some evidence" to support the DHO's decision.

The "some evidence" standard has been found to have been met even in cases where an inmate shares his cell with another inmate and it cannot be determined who was responsible for the contraband. For example, in *Denny*, two shanks were discovered in the duct work above the sink between the petitioner's cell, which he shared with one other inmate, and an adjacent cell. The United States Court of Appeals for the Third Circuit affirmed the denial of the petitioner's habeas petition, holding:

In a shared cell, all parts of the cell are equally accessible to each prisoner housed in the cell. Thus, each individual prisoner is responsible for keeping the entire cell free from contraband. Because each prisoner in a shared cell has an affirmative responsibility to keep the entire cell, and all other space accessible from within the cell, free from contraband, it follows that any contraband found within the cell is constructively possessed by each of the inmates housed in that cell. *Thus, the mere discovery of contraband in a shared cell constitutes "some evidence" that each prisoner in that cell possessed the contraband.*

- - -

In the case before us, it is undisputed that two homemade shanks were found in a space accessible from within Denny's cell. This evidence, by itself, constitutes "some evidence" that Denny possessed the weapons in question.

*Denny*, 708 F.3d at 147 (emphasis added). The decision in *Denny* forecloses any argument on Petitioner's part that there was not "some evidence" to support the DHO's decision in his case.

In conclusion, the DHO did not violate Petitioner's due process rights when he found that Petitioner committed the prohibited act as charged. Therefore, the Court will deny his petition.

An appropriate order follows.

## ORDER

AND NOW, this 26th day of February, 2019, IT IS ORDERED that Petitioner's petition for a writ of habeas corpus is DENIED.[1]

RICHARD A. LANZILLO
United States Magistrate Judge

---

[1] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).